UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ESTATE OF THOMAS HORNER c/o NANCY ANN PRICE,<br><br>Plaintiff,<br><br>v.<br><br>DANNY LEROY BAILOR,<br><br>Defendant. | Case No.18-cv-00103-VKD<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 74 |

Plaintiff Nancy Price brings this action against defendant Danny LeRoy Bailor for the wrongful death of her son, Thomas Horner. *See* Dkt. No. 1. Mr. Bailor moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Dkt. No. 74. The Court heard oral argument on Mr. Bailor's motion on March 19, 2019.[1] Dkt. No. 84.

Having considered the parties' moving papers and arguments made at the hearing, the Court dismisses this action without prejudice for lack of subject-matter jurisdiction.

**I. BACKGROUND**

**A. Factual Background**

Ms. Price is a citizen of Nevada and the mother of decedent Thomas Horner. Dkt. No. 1 at 3. Mr. Bailor is a citizen of California. *Id.* at 2. On January 8, 2016, Mr. Bailor was driving home to Sunnyvale, California from Seattle, Washington, and while passing through Oregon at approximately 8:30 p.m., Mr. Bailor's car struck Mr. Horner. *Id.* Mr. Horner died at the scene. *Id.* at 3.

---

[1] All parties have consented to magistrate judge jurisdiction. Dkt. Nos. 6, 82.

Following Mr. Horner's death, Mr. Bailor informed the police that he needed to take "lots" of medication for his health conditions and that he had consumed doughnuts, a hamburger, fries, hot chocolate, and coffee earlier that day. *Id.* at 2. Ms. Price says that, as a diabetic suffering from numbness in his feet, Mr. Bailor's food consumption resulted in high blood sugar, and neuropathy caused Mr. Bailor to hit the gas pedal instead of the brakes. *Id.* Ms. Price disputes Mr. Bailor's claim that Mr. Horner was suicidal and suggests that Mr. Bailor's decision to drive through the night from Seattle to Sunnyvale on that day created an unreasonable risk of harm to others. *Id.* at 2–3.

Mr. Bailor's car was insured by Farmers Insurance, and he has been represented in this action by attorneys from the law office of Hartsuyker, Stratman & Williams-Abrego, staff counsel for and employees of Farmers Insurance. Dkt. No. 14 at 4; Dkt. No. 74 at 9.

### B. Procedural Background

Mr. Bailor filed for bankruptcy protection on June 9, 2017. *In re Danny LeRoy Bailor*, No. 17-51395 MEH, Dkt. No. 1 (Bankr. N.D. Cal. June 9, 2017).[2] As of the filing of Mr. Bailor's bankruptcy petition, all efforts to recover on pre-petition claims against Mr. Bailor's estate were automatically stayed by operation of 11 U.S.C. § 362(a).

On August 3, 2017, Ms. Price filed an adversary claim pro se in the bankruptcy court for wrongful death and sought to exempt that debt from discharge. *Estate of Thomas Horner v. Bailor*, Adv. No. 17-ap-05064, Dkt. No. 1 (Bankr. N.D. Cal. Aug. 3, 2017). Mr. Bailor moved to quash the summons in the adversary proceeding, to strike the complaint, and to require Ms. Price to provide a more definitive statement. *Estate of Horner*, Adv. No. 17-ap-05064, Dkt. No. 6 (Bankr. N.D. Cal. Sept. 3, 2017). On October 18, 2017, the bankruptcy court denied Mr. Bailor's

---

[2] Ms. Price requests the Court take judicial notice of orders from the bankruptcy court proceeding involving Mr. Bailor. Dkt. No. 78. Mr. Bailor does not object to Ms. Price's request. The Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (internal quotation omitted); *see also Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) ("In addition to the complaint, it is proper for the district court to take judicial notice of matters of public record outside the pleadings and consider them for purposes of the motion to dismiss.") (internal quotation omitted).

1 motions to quash and to strike, but granted his motion for a more definitive statement, ordering Ms. Price to file an amended complaint. In its order, the bankruptcy court noted that "administration of this adversary proceeding [concerning a claim of personal injury tort or wrongful death] will require proceedings before the bankruptcy and district court" because although the bankruptcy court possessed jurisdiction over the question of dischargeability, the liquidation of a wrongful death claim is a non-core matter that should be tried in the district court pursuant to 28 U.S.C. § 157(b)(2)(B) and (b)(5). Dkt. No. 77-1, Ex. 2 at 2. The bankruptcy court then described the procedure it would follow: the bankruptcy court would maintain jurisdiction over Ms. Price's wrongful death claim "until all pre-trial matters are resolved, including dispositive motions," and if Ms. Price's claim survived, the bankruptcy court would certify to the district court that her claim should be tried in district court, and her claim could proceed on the merits there. *Id.*

On December 4, 2017, Ms. Price filed an amended complaint in the adversary bankruptcy proceeding, asserting that Mr. Bailor was not entitled to a discharge of her wrongful death claim against him. *Estate of Horner*, Adv. No. 17-ap-05064, Dkt. No. 24 (Bankr. N.D. Cal. Dec. 4, 2017). On January 2, 2018, Mr. Bailor answered the amended complaint and moved for summary judgment. *Estate of Horner*, Adv. No. 17-ap-05064, Dkt. Nos. 25, 26 (Bankr. N.D. Cal. Jan. 2, 2018).

On January 5, 2018, Ms. Price filed a complaint pro se against Mr. Bailor initiating this action in the district court. Dkt. No. 1. In the complaint, she noted that Mr. Bailor had a bankruptcy case pending in this district. *Id.* at 1. Mr. Bailor did not move to dismiss the action on the basis that it violated the automatic bankruptcy stay, but instead answered the complaint. Dkt. No. 14. Mr. Bailor's answer asserted an affirmative defense that "each of the alleged causes of action stated in the complaint is barred and/or stayed due to the Defendant's filing of a Petition for Bankruptcy in the United States Court for the Northern District of California, Case Number 17-51395." *Id.* at 3.

On March 2, 2018, the bankruptcy court granted Mr. Bailor's motion for summary judgment, finding that Ms. Price had not established that her claim should be exempted from

discharge. *Estate of Horner*, Adv. No. 17-ap-05064, Dkt. No. 32 (Bankr. N.D. Cal. Mar. 2, 2018). The bankruptcy court held a status conference on April 2, 2018, during which it explained its summary judgment decision. *Estate of Horner*, Adv. No. 17-ap-05064, Dkt. No. 39 (Bankr. N.D. Cal. Apr. 2, 2018). The bankruptcy court observed at the status conference that because Ms. Price filed the district court action without first seeking relief from the bankruptcy stay from the bankruptcy court, the district court action was void as a matter of law. *Id.*

On April 3, 2018, Ms. Price filed a document in this action, stating that in light of the bankruptcy court's decision to discharge Mr. Bailor's debt for her claim of wrongful death, she intended to seek damages from Farmers Insurance, Mr. Bailor's insurer, in the district court action instead. Dkt. No. 21.

On April 4, 2018, the bankruptcy court entered the discharge and final decree. *In re Bailor*, No. 17-51395 MEH, Dkt. No. 14 (Bankr. N.D. Cal. Apr. 4, 2018); Dkt. No. 77-1, Ex. 3. Attached to the discharge and final decree was a document entitled "Explanation of Bankruptcy Discharge in a Chapter 7 Case," which states in part: "In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan." *In re Bailor*, No. 17-51395 MEH, Dkt. No. 14 at 2. Pursuant to 11 U.S.C. § 362(c)(2)(C), the bankruptcy court's order of discharge and final decree lifted the automatic stay.

On April 6, 2018, the Court entered an order formally staying this action pursuant to 11 U.S.C. § 362, on the mistaken belief that Mr. Bailor's bankruptcy proceeding was still pending. Dkt. No. 25. Neither Mr. Bailor nor Ms. Price advised the district court that the bankruptcy proceeding had terminated on April 4.

Ms. Price filed a motion for leave to amend her complaint in this action to name Farmers Insurance as a defendant on April 29, 2018. Dkt. No. 27. Mr. Bailor filed an opposition brief to Ms. Price's motion on May 16, 2018, arguing, among other things, that Ms. Price had not obtained relief from the bankruptcy stay, which Mr. Bailor affirmatively represented to the Court remained in effect at the time. Dkt. No. 36 at 3 ("The Automatic Stay Pursuant to 11 U.S.C. § 362 is Still in Existence . . . The requested leave is obviously improper given that any present process in the

4

Civil Proceeding would be void due to the existing stay.").

On May 30, 2018, the Court denied Ms. Price's motion for leave to amend the complaint, in part because she "ha[d] not persuaded the Court that her proposed action against Bailor's insurer would not violate the bankruptcy stay." Dkt. No. 37 at 2. On May 31, 2018, Ms. Price attempted to appeal the Court's order denying her leave to amend, but the Ninth Circuit denied her appeal for lack of jurisdiction, as the Court's order was neither final nor appealable.[3] Dkt. Nos. 38, 45.

On July 16, 2018, Ms. Price filed a request for relief from the automatic stay in the bankruptcy court so that she could amend her complaint in the district court to name Farmers Insurance as a defendant. *In re Bailor*, No. 17-51395 MEH, Dkt. No. 16 (Bankr. N.D. Cal. July 16, 2018). The bankruptcy court denied her request for relief from the automatic stay, as Ms. Price's claim had already been discharged on April 4 and the stay was no longer in place. *See id.* at 1. With respect to the district court action and Ms. Price's desire to name Farmers Insurance as a defendant, the bankruptcy court stated that it could do nothing further for Ms. Price, observing that this Court had already denied Ms. Price's motion for leave to amend and stating, "The question of whether a suit could be brought against [the] insurer following [the] Debtor's discharge having been addressed by the district court and court of appeals, no further relief may be obtained from the bankruptcy court." *Id.* at 2. The bankruptcy court did not comment on the propriety of Ms. Price's commencement or continuation of the district court action.

On September 6, 2018, the Court lifted the stay on the district court action. Dkt. No. 57. The Court then appointed pro bono counsel for the limited purpose of assisting Ms. Price with anticipated motion practice on the following matters: (a) whether Ms. Price may amend the complaint to name Mr. Bailor's insurance company as a defendant in the case; (b) whether any claim might be stated against the insurance company; (c) whether Ms. Price may obtain discovery of Mr. Bailor's medical records; (d) whether this action may proceed in view of the fact that it was originally filed during the pendency of Mr. Bailor's bankruptcy proceeding; and (e) any other

---

[3] Magistrate Judge Lloyd, to whom this case was originally assigned, retired on May 31, 2018, and the case was reassigned to Magistrate Judge DeMarchi on June 4, 2018. Dkt. No. 42.

5

matters that the Court may permit the parties to raise by motion. Dkt. No. 68.

The Court ordered the parties to meet and confer regarding amendment of the complaint and any grounds for dismissal and set a deadline to hear any motions related to the pleadings. Dkt. No. 73. On February 11, 2019, Mr. Bailor filed the motion for judgment on the pleadings now at issue before the Court. Dkt. No. 74.

## II. LEGAL STANDARD

A motion for judgment on the pleadings may be brought "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). Rule 12(c) motions, like motions to dismiss for failure to state a claim upon which relief may be granted, test the legal sufficiency of a claim. *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). The Court's analysis of a Rule 12(c) motion is "substantially identical" to its analysis of a Rule 12(b)(6) motion. Under both rules, "'a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Judgment on the pleadings is proper when "'there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law.'" *Id.* (quoting *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009)). The Court may consider materials subject to judicial notice without converting a Rule 12(c) motion into one for summary judgment. *United States v. 14.02 Acres*, 547 F.3d 943, 955 (9th Cir. 2008).

## III. DISCUSSION

Mr. Bailor contends that because Ms. Price commenced this action without first obtaining relief from the automatic bankruptcy stay, this action is void and judgment should be entered in Mr. Bailor's favor under Rule 12(c). Dkt. No. 74. Ms. Price responds that (1) Mr. Bailor has not satisfied the requirements for a dismissal under Rule 12(c); (2) the complaint itself is not void, and the action may now proceed as the automatic stay is no longer in effect; (3) Mr. Bailor waived any objections to the Court's jurisdiction or authority in this action by filing an answer; and (4) equity favors allowing Ms. Price to proceed with a claim against Farmers Insurance. Dkt. No. 76.

Rule 12(c) tests the legal sufficiency of the allegations supporting the asserted claims. Ms. Price is correct that Mr. Bailor's motion does not address the legal sufficiency of her allegations.

6

Rather, Mr. Bailor argues that, whatever the allegations may be, Ms. Price's action is void because it was filed in violation of the automatic stay. This contention is directed to the Court's subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1).

The Court has an independent obligation to ensure that it possesses subject-matter jurisdiction over this action. *See* Fed. R. Civ. P. 12(h)(3); *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). The automatic stay provision of 11 U.S.C. § 362(a)(1) operates to enjoin "the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor that . . . could have been commenced before the commencement of [the bankruptcy case], or to recover a claim against the debtor that arose before the commencement of [the bankruptcy case]." The purpose of the automatic stay is to provide debtors with breathing room from creditors while attempting to regain financial footing. *In re Schwartz*, 954 F.2d 569, 571 (9th Cir. 1992). The automatic stay is self-executing and effective upon the filing of the bankruptcy petition. *In re Gruntz*, 202 F.3d 1074, 1081 (9th Cir. 2000).

Civil actions commenced in a non-bankruptcy court in violation of the automatic stay are void *ab initio* and not merely voidable. *In re Gruntz*, 202 F.3d at 1082 & n.6; *In re Schwartz*, 954 F.2d at 571–72; *Phoenix Bond & Indemnity Co. v. Shamblin* (*In re Shamblin*), 890 F.2d 123, 125 (9th Cir. 1989). Ms. Price does not dispute that the automatic stay was in effect at the time she filed this action. *See* Dkt. No. 76 at 2–3. She also does not dispute that she did not obtain relief from the automatic stay from the bankruptcy court before filing her complaint. *See id.* at 10. These circumstances render Ms. Price's action against Mr. Bailor void, and the action must be dismissed for lack of subject-matter jurisdiction. *See, e.g.*, *Kalb v. Feuerstein*, 308 U.S. 433, 439–40 (1940) (observing that predecessor statute to 11 U.S.C. § 362(a) showed that Congress intended to and did deprive all non-bankruptcy courts of the power and jurisdiction over the person and property of a debtor who has filed for bankruptcy); *Fields v. Demint*, 107 B.R. 194 (W.D. Mo. 1989) (dismissing complaint filed after defendant filed for bankruptcy for lack of subject-matter jurisdiction); *Smith v. C.I.R.*, 124 T.C. 36 (2005) (holding that IRS notices of determination were issued in violation of automatic stay and dismissing for lack of jurisdiction).

Ms. Price correctly points out that Mr. Bailor did not challenge this Court's jurisdiction at

the outset of the case and did nothing to correct the Court's mistaken belief that the action should merely be stayed pending resolution of the bankruptcy proceeding, rather than dismissed because it was filed in violation of the automatic stay, and that Mr. Bailor continued to represent to the Court that the bankruptcy proceeding was continuing long after it had terminated. Ms. Price argues that dismissing her current action and requiring her to file a new action now would prejudice her greatly, because her claim may have expired within 30 days of the bankruptcy court's April 4, 2018 final discharge order or may be subject to dismissal on statute of limitations grounds. Dkt. No. 76 at 8–10; 11 U.S.C. § 108(c). She says that she did not file a new action against Farmers Insurance following termination of the bankruptcy proceeding in view of Mr. Bailor's misrepresentations to the Court concerning the status of the automatic stay and the Court's repeated references to the automatic stay being in effect.

The Court is dismayed by the misrepresentations and mistakes Ms. Price describes. However, lack of subject-matter jurisdiction may not be waived or disregarded. *See, e.g.*, *United States v. Cotton*, 535 U.S. 625, 630 (2002) ("[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived."). The Court has no choice but dismiss this action, without prejudice. Ms. Price may file a new action in an appropriate forum. The equitable considerations that she refers to in her opposition to Mr. Bailor's motion may well be appropriate considerations to support arguments for equitable estoppel or equitable tolling, but those arguments are best addressed to the court that presides over her new action. *See, e.g.*, *O'Donnell v. Vencor, Inc.*, 466 F.3d 1104 (9th Cir. 2006) (discussing application of equitable tolling in context of automatic bankruptcy stay).

## IV. CONCLUSION

For the foregoing reasons, the Court dismisses this action without prejudice for lack of subject-matter jurisdiction. Ms. Price's unopposed motion to correct the caption in this action (Dkt. No. 79) and objections to evidence (Dkt. No. 76 at 4) are denied as moot.

The Clerk of the Court shall close the file.

**IT IS SO ORDERED.**

///

Dated: March 21, 2019

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge